IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WISNER CENATUS,[1] | : | |
| Petitioner | : | |
| | : | No. 1:18-cv-1833 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN CLAIR DOLL, | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner Wisner Cenatus's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), at the York County Prison in York, Pennsylvania. (Doc. No. 1.) Cenatus seeks immediate release from custody or a bond hearing. (*Id.* at 8.) For the following reasons, Cenatus's § 2241 Petition will be dismissed as moot.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Cenatus is a citizen and national of Haiti who, on November 13, 2016, applied for admission to the United States from Mexico at the Calexico Port of Entry primary inspection lane. (Doc. No. 9-1, Ex. 1 at 1-2.) Cenatus did not possess any documents that would allow him to enter the United States. (*Id.* at 2.) Therefore, that same day,

---

[1] When this matter was opened, Petitioner's name was entered as "Cenatus Wisner" because, on the first page of his § 2241 Petition, he indicated that his name was "CENATUS, Wisner." (Doc. No. 1 at 1.) Respondent's response and attachments, however, show that his name is Wisner Cenatus. Accordingly, the Court will direct the Clerk of Court to update the docket accordingly.

1

ICE determined that Cenatus was not admissible and issued him a Notice and Order of Expedited Removal. (*Id.*, Ex. 2.) Cenatus expressed fear of returning to Haiti; however, on May 9, 2017, an immigration judge denied his applications for asylum and withholding of removal and ordered that he be removed from the United States. (*Id.*, Ex. 3.) Cenatus appealed, and the Board of Immigration Appeals ("BIA") dismissed his appeal on January 16, 2018. (*Id.*, Ex. 4.) Cenatus subsequently filed a Petition for Review with the United States Court of Appeals for the Third Circuit. On April 3, 2018, the Third Circuit granted Cenatus's motion for a stay of removal. (*Id.*, Ex. 5.) On June 28, 2018, the Third Circuit granted DHS's unopposed motion to remand Cenatus's petition for review to the BIA. (*Id.*, Ex. 6.)

The Court received Cenatus's § 2241 Petition on September 14, 2018. In his § 2241 Petition, Cenatus argues that ICE was violating his due process rights by detaining him under 8 U.S.C. § 1225(b) pending completion of his removal proceedings. Thus, Cenatus sought release from custody or, in the alternative, a bond hearing. (Doc. No. 1 at 8.) In a response filed on October 22, 2018, Respondent asserted that Cenatus's § 2241 Petition should be denied because ICE has reviewed his custody status "numerous times" and that he is not entitled to a bond hearing. (Doc. No. 9.) Cenatus filed his traverse and exhibits thereto on November 5, 2018. (Doc. Nos. 10, 11.)

On March 22, 2019, Respondent filed a Notice of Change in Detention Status and Suggestion of Mootness. (Doc. No. 13.) In that document, Respondent states that on February 25, 2019, the BIA sustained Cenatus's appeal and determined that he had demonstrated eligibility for protection under the Convention Against Torture. (*Id.*, Ex. 1.) The BIA remanded the case to the immigration judge. (*Id.*) On March 7, 2019, the immigration judge entered an order granting Cenatus relief from removal. (*Id.*, Ex. 2.) Both parties waived appeal. (*Id.*) Respondent contends that because the entry of the immigration judge's order triggered the start of the removal period, Cenatus is no longer incarcerated pursuant to § 1225(b), but rather is now incarcerated under 8 U.S.C. § 1231(a). (Doc. No. 13 at 2.) Thus, according to Respondent, Cenatus's § 2241 Petition challenging his pre-final order detention under § 1225(b) is now moot.

## II. DISCUSSION

Federal district courts have jurisdiction in cases such as the present matter where the detainee is seeking immediate release on bond pending removal on the grounds that his continued detention by ICE is unconstitutional. *See Clarke v. Dep't of Homeland Security*, No. 4:CV-09-1382, 2009 WL 2475440 (M.D. Pa. Aug. 12, 2009). It is equally well settled that the case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the

lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). Thus, "[a] case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). In other words, "a case is moot if 'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief.'" *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

Here, in his § 2241 Petition, Cenatus seeks either a bond hearing or release from custody under § 1225(a) pending the completion of removal proceedings. However, Cenatus is no longer in custody under § 1225(a). Rather, he is now in

4

custody pursuant to 8 U.S.C. § 1231 because the immigration judge's March 7, 2019 order granting him relief under the Convention Against Torture triggered the start of the removal period, as he may now be removed to any other nation but Haiti.  *See Meighan v. Sabol*, Civil No. 1:16-CV-2560, 2017 WL 891321, at *1 (M.D. Pa. Feb. 17, 2017).  Therefore, since Cenatus is no longer being detained pursuant to § 1225(a), his § 2241 Petition, which challenges his detention under that section, is now moot.  *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (holding that habeas challenge to pre-final order of detention was rendered moot when individual shifted to post-final order detention status); *Saini v. Lowe*, Civil No. 4:18-CV-1546, 2019 WL 1247529, at *2 (M.D. Pa. Feb. 22, 2019), *Report and Recommendation adopted by* 2019 WL 1239873 (M.D. Pa. Mar. 18, 2019); *Lianfu Liang v. Lowe*, Civil No. 1:17-CV-1735, 2018 WL 4692467, at *3 (M.D. Pa. Aug. 31, 2018), *Report and Recommendation adopted by* 2018 WL 4680054 (M.D. Pa. Sept. 27, 2018).

## III. CONCLUSION

For the foregoing reasons, Cenatus's § 2241 Petition (Doc. No. 1) will be dismissed as moot.  An appropriate Order follows.

                                       s/Sylvia Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated: April 3, 2019